## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THERESA ROMCOE, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS J. CIOLEK, DECEASED, | ) ) ) ) |
| | ) CASE NO. |
| Plaintiffs, | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| vs. | ) ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, CANADIAN NATIONAL RAILWAY COMPANY, and NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA RAIL, | ) ) ) ) ) ) |
| | ) |
| Defendant. | ) |

## ORIGINAL COMPLAINT

The Plaintiffs, by and through their attorneys, Marc J. Bern & Partners LLP, complain and allege on personal knowledge as to Plaintiffs' acts and on information and belief as to all other allegations against Defendants, state as follows:

### JURISDICTION

1. This suit arises out of the negligence of the above-named Defendants that directly caused and resulted in the Plaintiff developing Esophageal Cancer (hereinafter, "cancer") from exposures he suffered working for Defendants within the State of Illinois. The Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq. provides for this cause of action and grants this Court jurisdiction over it.

### PARTIES AND VENUE

2. Plaintiff, Theresa Romcoe, is an adult individual residing in Rio Rancho, New

Mexico and is the widow of Thomas Romcoe and the personal representative of his Estate.

3. The Plaintiff's decedent worked as a Switchman, Brakeman, Collector, and Conductor from approximately 1974 until 1984 for Defendant Illinois Central Railroad Company (hereinafter, "Illinois Central") which was acquired as a wholly-owned subsidiary, along with its liabilities, by Defendant Canadian National Railway Company (hereinafter, "CN") in 1998.

4. The Plaintiff's decedent worked as a Collector and Conductor for Defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra Rail (hereinafter, "Metra") from approximately 1984 until 1996.

5. Illinois Central is an Illinois corporation and, at all times relevant to this complaint, conducted substantial business within Cook County, Illinois. Illinois Central was headquartered in Cook County and it owned, managed, maintained, used and conducted substantial operations into and out of Cook County, IL, including the operation of regularly scheduled freight and passenger trains arriving into and departing from Cook County, deriving substantial revenue from the Illinois Central operations within Cook County.

6. CN, at all times relevant to this complaint, had its United States headquarters in Cook County. CN owned, managed, maintained, used and conducted substantial operations at its Homewood Campus, located within Cook County, IL, including the operation of regularly scheduled freight trains arriving into and departing from Cook County, deriving substantial revenue from CN operations within Cook County.

7. Metra, at all times relevant to this complaint, was headquartered within Cook County. Metra owned, managed, maintained, used and conducted substantial operations at the Union Station railyard, located within Cook County, IL, including the operation of regularly scheduled passenger trains arriving into and departing from Cook County, as well as into and

departing from Wisconsin and Indiana, deriving substantial revenue from Metra operations at this location.

8. Plaintiff's decedent worked for Defendants and while acting in the course and scope of his employment with Defendants, was engaged in the furtherance of interstate commerce within the meaning of said Act as a Switchman, Brakeman, Collector, and Conductor between 1974 and 1996.

9. Railroads and their facilities are notorious for having contaminants from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

10. Throughout his career with Defendants, Plaintiff's decedent worked and lived within the state of Illinois, traveling out of state as the job required.

11. During the course and scope of his career with the Defendant railroads and while working in the Defendants' yards, buildings and along their right of ways, Plaintiff's decedent was exposed to toxic substances and carcinogens including but not limited to asbestos brake dust, asbestos insulation, diesel exhaust, and benzene.

12. Specifically, in his work for Defendants, the Plaintiff was routinely, on a daily basis, at various levels exposed to the above referenced toxic substances and known carcinogens, by touch, inhalation and/or consumption in the following ways:

   a. Illinois Central and CN required its switchman and brakeman to ride on cabooses containing asbestos insulation, exposing Plaintiff to asbestos as he rode on the cabooses for extended periods of time on a daily basis for a large portion of his career;

   b. As a switchman, brakeman, collector and conductor for Illinois Central and CN, Plaintiff had to utilize a locker room that had asbestos insulating the area and various pipes that ran through the locker room, exposing Plaintiff to asbestos on a daily basis for the majority of his career;

   c. As a switchman and brakeman for Illinois Central and CN,

        Plaintiff had to walk alongside trains to switch locomotives, couple and uncouple freight engines or cars, exposing him to asbestos brake dust from hard braking trains as well as diesel exhaust and benzene from locomotive engines operation in close proximity to him on a daily basis;

    d.    As a Collector and Conductor for Illinois Central, CN, and Metra, Plaintiff would have to walk along the trains to check every brake on the train to insure they were working properly before the train left the station, multiple times each day, exposing him to asbestos brake dust as nearby trains braked coming into the station and diesel exhaust and benzene from nearby operating locomotives; and,

    e.    While riding on trains as a switchman, brakeman, collector, and conductor for all Defendants, engineers would often brake hard causing brake dust to circulate throughout the train, exposing Plaintiff to asbestos brake dust on a daily basis.

13. Plaintiff's decedent's exposure to the above referenced toxic substances and known carcinogens, by touch, inhalation and/or consumption, in whole or in part, caused or contributed to his development of cancer.

14. Plaintiff's decedent's exposure was cumulative and occurred daily, on a regular basis, at different and variable exposure levels over the course of his day for his entire career depending on his work load throughout any given day for all Defendants.

15. The Plaintiff's decedent's cancer and subsequent symptomatology are the result of the negligence of the Defendant railroads in that they utilized the known cancer causing materials described above in their operations, which the Defendants knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic, carcinogenic and highly harmful to their employees' health.

16. Defendants were negligent because they:

    a.    Failed to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

b. Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

c. Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

d. Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

e. Failed to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways;

f. Failed to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

g. Failed to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

h. Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to carcinogens;

i. Failed to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens; and,

j. Failed to provide the Plaintiff with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

17. The occurences listed above were caused in whole or in part by the negligence of the Defendants and/or the negligence of the Defendants' agents, servants and/or employees.

18. As a direct result of the negligence of the Defendant railroads, the Plaintiff has

- 5 -

experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment; lost wages, disability, loss of normal life, increased susceptibility to injury, shortened life expectancy, injury from subsequent treatment, caretaking expenses; and death, in addition to other injuries and expenses that would otherwise not be necessary absent defendant's negligence.

19. As a result of the negligence of the Defendants, Plaintiff's decedent sustained pecuniary loss, including a loss of future benefits including loss of pension benefits due to Decedent's premature death.

20. Plaintiff's decedent suffered from a constant fear of death as a result of his cancer.

21. Plaintiff Theresa Romcoe seeks all damages recoverable under the FELA.

22. Less than three (3) years before Plaintiff's Complaint was filed she first learned that the Decedent's cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Theresa Romcoe, demands judgment against the Defendants in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

Dated: November 24, 2017                    Respectfully Submitted,

                                                                       s/ R. Joseph Kramer
R. Joseph Kramer
IL Bar No. 6310601
Marc J. Bern & Partners LLP
225 West Washington Street, Suite 2200
Chicago, IL 60606
Phone: (312) 470-9892
jkramer@bernllp.com

*Attorneys for Plaintiff*