UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA ROMCOE, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS D. ROMCOE, DECEASED, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS CENTRAL RAILROAD COMPANY, and NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a/ METRA RAIL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 17 C 8517 <br><br> Judge Rebecca R. Pallmeyer |

**MEMORANDUM OPINION AND ORDER**

Thomas Romcoe was diagnosed with esophageal cancer on September 5, 2013 and passed away on November 25, 2014. His surviving spouse, Theresa Romcoe, brings this action individually and as the personal representative of her husband pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., seeking damages for her husband's wrongful death. Defendants Illinois Central Railroad Company ("ICRC") and Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra Rail (hereinafter, collectively "Metra") move for dismissal pursuant to FED. R. CIV. P. 12(b)(6), arguing that this action is barred by FELA's three-year statute of limitations.[1] Because it is not clear on the record when Plaintiff's claim accrued, Defendants' motion [62] is denied without prejudice.

---

[1] Northern Indiana Computer Transportation District was dismissed from this suit on April 18, 2018. (Minute Order [34].)

**BACKGROUND**

Thomas Romcoe worked in the rail industry for at least thirty years, serving in a variety of different positions ranging from switchman to conductor.[2] From 1974 to 1984, he worked for Defendant ICRC, and from 1984 to 2004, he worked for Metra. (Fourth Amended Complaint ("FAC") [60] ¶¶ 3–4.) "[O]n or about September 5, 2013," Mr. Romcoe was diagnosed with esophageal cancer. (*Id.* at ¶¶ 1, 13.) He died on November 25, 2014. (*Id.* at ¶ 14.)

Thomas's wife, Theresa Romcoe ("Plaintiff"), filed this lawsuit on November 24, 2017—one day shy of three years from Mr. Romcoe's passing—as the personal representative of his estate. *See* FELA, 45 U.S.C. § 51 ("Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . or, in the case of death of such employee, to his or her personal representative . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees . . . or by reason of any defect or insufficiency, due to [the carrier's] negligence . . ."). Plaintiff alleges that her husband was exposed to "toxic substances and carcinogens[,] including but not limited to asbestos brake dust, asbestos insulation, diesel exhaust, and benzene" while working for Defendants, which "caused or contributed to his development of cancer." (FAC ¶ 10.) She seeks $150,000 in damages. (*Id.* at ¶ 12.)

Defendants move to dismiss Plaintiff's Fourth Amended Complaint on statute of limitations grounds, maintaining that "Plaintiff's claim must have been filed no later than September 6, 2016"—three years from the date of Mr. Romcoe's cancer diagnosis. (Metra's Motion to Dismiss [62] ¶ 12; ICRC's Motion Joining and Adopting Metra's Motion to Dismiss [68] ¶ 4.) *See* 45 U.S.C.

---

[2] For reasons that are unclear to the court, Defendants refer to Mr. Romcoe's "4-decades-plus work on the railroad," (Metra's Motion to Dismiss [62] ¶ 6), and to his "four decades" of work on the railroad. (Metra's Reply [67] at 2.) The court finds no reference to any rail work prior to 1974 or after 2004 in Plaintiff's Complaint.

§ 56 (providing that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued"). Plaintiff challenges that characterization of the accrual date; she contends that Mr. Romcoe's cause of action did not accrue until "on or about March 1, 2016, when [Plaintiff] viewed a television advertisement for potential legal services for railroad workers suffering from cancer because of their work environments." (FAC ¶¶ 21, 22.) Plaintiff claims that her late husband had other medical conditions—"including Barrett's esophagus, gastroesophageal reflux disease, and hepatitis c," and that he "was a past smoker"— which would have led a reasonable person in [Mr. Romcoe's] shoes [ ] not [to] have thought to attribute his cancer to [his] work environment" until his wife saw the television commercial. (*Id.* ¶¶ 19, 21.) Because Mr. Romcoe had passed away before Plaintiff saw the commercial, Plaintiff argues that *her* own viewing of the commercial triggers the statute of limitations period on *his* claim. She asserts that her own "cause of action for wrongful death accrued on or about November 24, 2014"— nearly a year and a half before his claim accrued . (FAC ¶ 23.)[3]

## DISCUSSION

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a complaint. *See* FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 8(a)(2). A complaint must "sufficiently give to the defendants 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016) (modification in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a 12(b)(6) motion to dismiss, the court "construe[s] the . . . complaint in the light most favorable to [Plaintiff], accepting as true all well-pled facts and drawing all reasonable inferences in [the Plaintiff's] favor." *Simpson v. Brown Cty.*,

---

[3] Plaintiff's Complaint states that her wrongful death action accrued on November 24, 2014, while her husband passed away on or about November 25, 2014. The court generously presumes that Plaintiff intends to assert that her cause of action accrued on the date of Mr. Romcoe's death.

3

860 F.3d 1001, 1005 (7th Cir. 2017). *See Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 730 (7th Cir. 1999) ("[I]t is a truism that fact-finding has no part in resolving a Rule 12(b)(6) motion."). The court may not "consider evidence outside the pleadings to decide a motion to dismiss without converting it into a motion for summary judgment." *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018).

A statute of limitations argument may be raised at the motion to dismiss stage, and "a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred." *Burns v. United States*, 762 F. App'x 338, 339 (Mem.) (7th Cir. 2019) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)); *see Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) ("[D]ismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy."). "A limitations defense is not often resolved on a Rule 12(b)(6) motion, [however,] because 'a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations.'" *Amin Ijbara Equity Corp.*, 860 F.3d at 492 (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)); *see Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004) (stating that a statute of limitations affirmative defense "is rarely a good reason to dismiss under Rule 12(b)(6)"). Instead, statute of limitations "defenses typically turn on facts not before the court at [the motion to dismiss] stage in proceedings." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (reversing a district court's dismissal based on a statute of limitations, when "the parties [had not had] an opportunity for discovery into" the issue of when a reasonable party should have known of its injury) (citing *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court

may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman*, 782 F.3d at 928.

In FELA actions, the accrual of a statute of limitations "is defined in two parts: notice of injury and notice of cause." *Sweatt v. Union Pacific. R. Co.*, 796 F.3d 701, 707 (7th Cir. 2015). It appears that the parties to this dispute accept, at least for purposes of this motion, that Mr. Romcoe had notice of his injury on the date he was diagnosed with cancer. "After a condition manifests itself, the question [then] becomes whether the plaintiff knew or, through the exercise of reasonable diligence, should have known of the cause of his injury." *Id.* (citing *Tolston v. Nat'l R.R. Passenger Corp.*, 102 F.3d 863, 866 (7th Cir.1996)). This objective inquiry into what a Plaintiff knew or should have known is called the "discovery rule," *Fries v. Chicago & Nw. Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990), and it "imposes on plaintiffs the affirmative duty to investigate the cause of a known injury." *Tolston*, 102 F.3d at 865.

In support of their motion, Defendants advance two related arguments. First, Defendants argue that Mr. Romcoe, and presumably Plaintiff herself, should have known, from the time he was diagnosed, that Mr. Romcoe's employment could have been a potential cause of cancer meaning that his claim expired in September 2016. (Metra's Motion to Dismiss [62] ¶ 12 ("Plaintiff's claim must have been filed no later than September 6, 2016."); ICRC's Motion Joining and Adopting Metra's Motion to Dismiss [68] ¶ 4 ("[Mr.] Romcoe had constructive knowledge of his cause of action since at least the date of his diagnosis on or about September 5, 2013, if not earlier.").) As explained above, however, a Complaint must make it clear that a claim "is indisputably time-barred" in order for the court to dismiss a case based on a statute of limitations defense. *Burns*, 762 F. App'x at 339. The Complaint here does not meet that high bar. Plaintiff asserts that neither she, nor her husband, believed his employment to be a cause of his cancer at the time he was diagnosed. There is no information in the Complaint about steps they may have taken during the period he was ill to investigate the cause of his cancer, and nothing

suggests that he was ill but ignored his condition instead of going to the doctor. In fact, the court can infer that Mr. Romcoe *did* go to the doctor, in light of the allegation that Mr. Romcoe believed one of his other medical conditions may have caused his cancer. (Fourth Amended Complaint [60] ¶¶ 19–21.) Whether that belief was reasonable should not be addressed at the motion to dismiss stage. *See Green v. CSX Transp., Inc.*, 414 F.3d 758, 764 (7th Cir. 2005) (explaining, in a FELA case, that a plaintiff was "entitled to have a jury decide whether and when a reasonable person in [the Plaintiff's] circumstances would have realized she had suffered" a work-related injury). Similarly, whether a reasonable person would have known about his or her exposure to various chemicals while working for Defendants is an inappropriate inquiry for a motion to dismiss[4]. Because Plaintiff's unclear assertions about the claim accrual dates—November 2014 for her own claim, and March 2016 for her husband's claim—and the procedural posture, the court is not inclined to dismiss on the basis of what Plaintiff or Mr. Romcoe should have known at the time of his cancer diagnosis.

The three cases on which Defendants primarily rely for support are distinguishable, in that all involve the court's reliance on a more-developed factual record. In *Fries*, a rail-industry machinist noticed he was experiencing hearing problems as early as "1980 and 1981," but was not diagnosed with hearing loss until 1985 through an unrelated physical exam, and he did not sue his employer for his hearing loss under FELA until 1987. 909 F.2d at 1093–94. The district court entered summary judgment in favor of defendant railroad, holding the claim barred by the three-year statute limitation, and the Seventh Circuit affirmed. Deposition testimony in the record confirmed that both plaintiff and his wife testified that they had (1) noticed plaintiff's hearing loss

---

[4] Defendants argue, for example, that "[a]sbestos has been recognized by the medical and legal communities, and the public at large, as a cancer-causing agent since at least the 1970s." (Metra's Reply [67] at 3.) That is a factual issue that the court will not take up on a motion to dismiss.

6

as early as 1980 or 1981; (2) noticed that his hearing was worse after he came home from work each day; and (3) noticed that his hearing was worst at the end of the work week. *Id.* at 1093–94. Based on these facts, the court reasoned that plaintiff's cause of action accrued when he first noticed the hearing loss: "[t]hat [Mr. Fries'] injury had not reached its maximum severity in 1981 but continued to progress does not affect this result." *Id.* at 1096; *see id.* at 1095 (noting that the Supreme Court's discovery rule jurisprudence does not "provide an escape for plaintiffs who are aware that some type of injury exists yet who choose to ignore it by failing to seek diagnosis and investigate the cause") (citing *United States v. Kubrick*, 444 U.S. 111, 120–21 n.7 (1979)). In *Fries*, the evidence "clearly reveal[ed] that Fries knew, at a minimum, that work aggravated his hearing problem and that neither he, nor his wife, could ascribe the loss to any other cause." *Fries*, 909 F.2d at 1096. In this case, there is no evidence of record; there is no indication that Mr. Romcoe knew of his injury before he was ever diagnosed, and the Complaint contains no information concerning Plaintiff or Mr. Romcoe's knowledge or reasonable efforts to investigate the causes of his cancer before March 2016. *Cf. Fries*, 909 F.2d at 1096–97.

*Sweatt* and *Tolston*, similarly, are summary judgment decisions. In *Sweatt*, the plaintiff did hard physical labor for railroad-defendant Union Pacific. 796 F.3d at 703. Mr. Sweatt was hired in 2006 and began experiencing pain in his shoulder and hands as early as May 2009. *Id.* at 703–04. He filed a FELA claim in November 2012. As in *Fries*, the appellate court affirmed summary judgment on the basis of evidence in the record that is absent in the present case. The court noted that Plaintiff Sweatt testified that he began to feel hand pain as early as mid-2009, and that "Sweatt immediately linked his pain to his employment with Union Pacific." *Id.* at 708; *see id.* (explaining that connecting Mr. Sweatt's pain with his employment required "no leap of logic"). In the present motion to dismiss, the allegations do not establish that Mr. Romcoe linked his injury to his employment at the time of his cancer diagnosis, and questions of what a

7

reasonable person in Mr. Romcoe's shoes would have known or should have done to investigate are factual questions inappropriate for the motion to dismiss stage.

In *Tolston*, plaintiff was a coach cleaner for Amtrak. "Her job involved walking over uneven ground, climbing on and off railroad cars, bending, stooping, and a certain amount of work on her knees." *Tolston*, 102 F.3d at 864. Over the course of "the late 1970s and early 1980s, she fell several times and injured her knees slightly" while on the job. *Id.* After these falls, she "visited the company doctor," and eventually she "began to see the company nurse regularly to obtain pain pills." *Id.* She went to the hospital for her knee pain several times during the 1980s, was eventually diagnosed with degenerative joint disease, and had a knee replacement in 1992. *Id.* at 864–65. She filed her action under FELA in 1995, arguing that her case was distinguishable from *Fries* because "[s]he believed her knee pains were due to ordinary wear and tear." *Id.* at 866. Affirming the district court's grant of summary judgment for the defendant, the Seventh Circuit found that the record supported a finding that Ms. Tolston "knew she had a problem by 1989," that the statute of limitations on her claim ran in 1992, and that her failure to identify her employment as a source of her knee problem did not toll the accrual of her FELA claim. *Id.* at 866 ("[T]he undisputed facts show that Tolston knew about her medical condition before April 1992, and with the exercise of reasonable diligence should have known about its cause by that time."). As reiterated above, the record in this case is not yet developed, and the court is unable to conclude that the logic of *Tolston* bars Plaintiff's claim here.

Second, Defendants argue that Plaintiff's claim fails because Mr. Romcoe himself never suspected his employment to be a cause of his cancer. (Metra's Motion to Dismiss [62] ¶ 7 ("Plaintiff does not identify any date on which the <u>decedent</u> knew or suspected that his railroad work exposure would have been a possible cause or contributing factor of his cancer diagnosis.") (emphasis in original).) This argument could take one of two forms: either Defendants believe that Mr. Romcoe's FELA claim dissipated when he died, or they believe Plaintiff failed to

8

reasonably investigate and discover the connection between her husband's work and his cancer in the period between his diagnosis and September 2016, when they believe the statute of limitations expired.

The notion that Mr. Romcoe's own claim ended at the moment of his death is unsatisfying. In a situation in which an employee dies as a result of a workplace accident, the fact that the employee was unaware that employer negligence was the cause of injury would not defeat her representative's wrongful death claim under FELA. Indeed, the only case identified by the parties that addresses this issue makes this clear: In *Curry v. Conrail*, 766 F. Supp. 380 (W.D. Pa. 1991), the plaintiff's decedent (a former railroad employee) was diagnosed with lung cancer in October 1979 and passed away in March 1980. *Id.* at 382. The decedent's wife filed her FELA suit in January 1985, and the defendants sought summary judgment on timeliness grounds. Plaintiff asserted that she did not know asbestos exposure from the railroad could have caused her husband's cancer "until approximately between March and May of 1983 when she discovered the same through news media," and the district court denied the motion. Construing the evidence in the light most favorable to the plaintiff, the court found disputes of fact "as to when plaintiff possessed sufficient information or facts to indicate that plaintiff decedent's illness and death may have been asbestos-related." *Id.* at 383–84. *See id.* at 383 ("plaintiff specifically denies that she or plaintiff decedent knew or should have known the cause of this lung cancer and lung cancer death was asbestos-related prior to March or May of 1983."). Thus, to the extent that Defendants here are arguing that the three-year statute of limitations was cut short by Mr. Romcoe's death, that argument fails.[5]

---

[5] Defendants also cite a single Sixth Circuit case from 1950, *Coman v. New York Cent. R. Co.*, 184 F.2d 841 (6th Cir. 1950) for the "well established" proposition "that a personal representative cannot maintain a cause of action against [a] railroad arising out of the death of its employee where at the time of the employee's death any right of action by him under FELA was barred by the statute of limitation." (Metra's Motion to Dismiss [62] ¶ 11.) That is simply inapposite given the present facts—Defendants themselves recognize that the statute of limitations had not

The alternative interpretation of Defendants' argument—that Plaintiff failed to reasonably investigate the cause of her husband's death and file suit within three years of his diagnosis—fails for a reason already discussed above in this opinion: factual disputes are not to be resolved on a motion to dismiss. What Mr. Romcoe or Plaintiff reasonably should have done to discover the potential link between Mr. Romcoe's employment and his cancer is a question of fact that the court will not take up here.

A few closing observations: First, Defendants argue that "Plaintiff conceded that she needed to be able to plead that 'this action was brought within three years of when [Mr. Romcoe, not Plaintiff] knew or should have known that Defendant METRA's negligence could have been to blame.' " (Metra's Motion to Dismiss [62] ¶ 3 (quoting Pl.'s Response to Motion to Dismiss Third Amended Complaint [56] at 9).) The court sees little need to take up this issue here—this suit survives the motion to dismiss based on the fact that it is not clear, from the Complaint, when Mr. Romcoe's claim actually accrued. After discovery, the court will entertain this issue again.

Second, Defendants argue that anything short of dismissing this case will lead to a situation where "the representative of an estate" will "be able to bring claims against a decedent's employer indefinitely" under FELA. (ICRC's Motion Joining and Adopting Metra's Motion to Dismiss [68] ¶ 9.) ICRC cites *Reading Co. v. Koons*, 271 U.S. 58, 60 (1926), where a railroad worker died the day after he was injured in 1915, and an administrator of his estate was not

---

expired at the time of Mr. Romcoe's death. (Metra's Motion to Dismiss [62] ¶ 12 ("Plaintiff's claim must have been filed no later than September 6, 2016.").) In any case, *Coman* is not particularly helpful; that was a 4-sentence *per curiam* opinion adopting a lower court's dismissal of a decedent representative's case under FELA. (The court was unable to locate the original district court opinion and suspects that it was never published.) The decedent suffered an actionable injury on September 30, 1943, and died on May 8, 1947. The appellate court agreed with the lower court that the decedent's representative's claim, filed in July 1949, was "derivative and dependent upon the continuance of the right in the injured employee at the time of his death," making it appear that the court considered the three-year period to have expired in 1946. *Id.* at 841–42. Unlike *Coman*, Mr. Romcoe passed away *before* the statute of limitations expired.

appointed until 1921. That administrator filed a FELA suit in 1922, and the question became "whether . . . the [ ] statute of limitations begins to run at the date of the death or at the date of the appointment of the administrator of the decedent." *Id.* at 405–06. Holding that the statute of limitations began to run when the decedent died, the court noted that "[t]he very purpose of a period of limitation is that there may be, at some definitely ascertained period, an end to litigation. If the persons who are the designated beneficiaries of the right of action created may choose their own time for applying the appointment of an administrator and consequently for setting the statute running, the two-year period[6] of limitation . . . might as well have been omitted from the statute." Unlike *Koons*, here, Mr. Romcoe's representative *did* file her lawsuit within three years of his death, making the operational question whether the statute of limitations accrued before the day he died—that question was irrelevant in *Koons*. Further, as a practical matter, ICRC's concern is blown out of proportion. Following discovery, Defendants have several more opportunities to argue that the statute of limitations bars Plaintiff's claim.

Finally, Defendants note that it is unclear whether Plaintiff intends to bring a wrongful death claim under state law in addition to her FELA claim. *See* 740 ILL. COMP. STAT. 180/1 ("Whenever the death of a person shall be caused by wrongful act, neglect or default . . . [the] company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages."). Defendants argue that such a claim would be barred, in any case, by the two-year statute of limitations governing that claim, 735 ILL. COMP. STAT. 5/12-202, and that the two-year period expired on September 6, 2015. Because Plaintiff did not assert any state claims in her Complaint, nor did she respond to Defendants' argument in Response to Defendants' Motion to Dismiss, the court finds that Plaintiff has not pleaded a wrongful death claim under Illinois law.

---

[6] The statutory period is now three years.

**CONCLUSION**

Because the Complaint does not clearly establish that the statute of limitations expired before Plaintiff filed her claim, Defendants' motion to dismiss [62] is denied. Defendants are directed to answer the Complaint within 21 days. The parties are encouraged to discuss settlement.

ENTER:

Dated: September 9, 2019

_____
REBECCA R. PALLMEYER
United States District Judge